IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.   Criminal No. 1:22-CR-51
(Chief Judge Kleeh)

FOTIOS GEAS, et al.,

        Defendants.

### ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER

On October 12, 2022, the United States moved the Court for a protective order in this case limiting disclosure of certain discovery material to the defendants. For good cause shown, the Court **GRANTS** the motion. To ensure the safety of inmate witnesses, the Court **ORDERS** that any discovery materials containing the memorialization of a statement of an inmate witness or any documentation concerning any inmate witness, as described below, remain in the sole possession of the defendants' defense teams, and that no material or paperwork containing said statements shall be provided to the defendants or any other person. For the purpose of this Order, the defendants' defense teams includes counsel, paralegals, investigators, and expert consultants. Specifically, the defendants' defense teams shall not provide defendants with copies of the following Bates-stamped documents:

    a.    25 – Memorandum documenting inmate statement

    b.    100-338 – Inmate mass interviews

    c.    2019-2033 – Inmate emails re: Bulger arrival at USP Hazelton

    d.    2034-2098 – Memoranda and transcripts of inmate interviews

    e.    2099 – FBI 302 of inmate interview

1

f. 2103 – FBI 302 of inmate interview

g. 2105 - FBI 302 of inmate interview

h. 2108-2109 - FBI 302 of inmate interview

i. 2117 - FBI 302 of inmate interview

j. 2120-2121 - FBI 302 of inmate interview

k. 2122-2123 - FBI 302 of inmate interview

l. 2124 - FBI 302 of inmate interview

m. 2125 – Memo documenting inmate statement

n. 2128 - FBI 302 of inmate interview

o. 2129-2152 – Transcripts of inmate telephone calls

p. 2153 - FBI 302 of inmate interview

q. 2154-2157 - FBI 302 of inmate interview

r. 2158-2159 - FBI 302 of inmate interview

s. 2160-2161 - FBI 302 of inmate interview

t. 2163-2166 - FBI 302 of inmate interview

u. 2185-2187 – Inmate letter

v. 2203-2204 - FBI 302 of inmate interview

w. 5471 – Recording of inmate interview

x. 5472 – Recording of inmate telephone call

y. 5473 – Recording of inmate telephone call

z. 5619-5620 - FBI 302 of inmate interview

aa. 5621 - FBI 302 of inmate interview

  bb. 5622-5625 - FBI 302 of inmate interview

  cc. 5626-5627 - FBI 302 of inmate interview

  dd. 5628-5649 – Transcript of grand jury testimony

  ee. 5650-5674 – Transcript of grand jury testimony

  ff. 5675-5703 – Transcript of grand jury testimony

  gg. 5704-5741 Transcript of grand jury testimony

  hh. 5743-5795 – Recorded inmate telephone calls

  ii. 5803-5898 – Recorded inmate telephone calls

  jj. 6790-7490 – Inmate written correspondence

  kk. 7464-7496 – Recorded inmate telephone calls

  ll. 7511-10892 – Inmate written correspondence

  mm. 10893-11024 – Inmate recorded telephone calls

  nn. 11025-11026 – Inmate recorded telephone calls

  oo. 11160-11161 – Email correspondence containing inmate statement

Further, for good cause shown, the Court **ORDERS** that discovery which contains documentation from inmates' central inmate files, medical records, photographs of the victim's injuries and autopsy, and documents relating to the security and operation of BOP institutions remain in the sole possession of the defendants' defense teams, and that no material or paperwork containing said statements shall be provided to the defendants or any other person. Specifically, the defendants' defense teams shall not provide the defendants with copies of the following Bates-stamped documents:

  a. 24 – Photo of victim

- b. 33 – Photo of victim
- c. 34-99 – Victim's medical and psychological records
- d. 345-347 – Information from the victim's BOP file
- e. 348-349 – Information from defendant DeCologero's BOP file
- f. 350-355 – Information from defendant Geas' BOP file
- g. 356-357 – Information from defendant McKinnon's BOP file
- h. 376-402 - Information from defendant DeCologero's BOP file
- i. 403-427 - Information from defendant Geas' BOP file
- j. 428-444- Information from defendant McKinnon's BOP file
- k. 460-463 – Victim's medical record
- l. 464-465 – Defendant DeCologero's medical record
- m. 466-467 – Defendant Geas' medical record
- n. 468-469 – Defendant McKinnon's medical record
- o. 470-1503 – Victim's medical records
- p. 1505-1523 - Information from the victim's BOP file
- q. 1524-1554 – Information from defendant DeCologero's BOP file
- r. 1555-1583 – Information from defendant Geas' BOP file
- s. 1584-1599 - Information from defendant McKinnon's BOP file
- t. 1615-1619 – Staff roster (will not disclose, but can provide the information upon request)
- u. 1623-1624 - Information from defendant DeCologero's BOP file
- v. 1625-1651 - Information from defendant DeCologero's BOP file

  w.  1652-1676 - Information from defendant Geas' BOP file

  x.  1677-1693 - Information from defendant McKinnon's BOP file

  y.  1812-1813 – Photo of inmate

  z.  1814-1817 – Photos of the victim

  aa.  1818-1860 - Crime scene photos

  bb.  1861-1868 – Photos of victim

  cc.  1869-1876 – Crime scene photos

  dd.  1937-1943 - Photos of defendant McKinnon

  ee.  1944-1950 – Photos of defendant Geas

  ff.  1952-2017 - Autopsy photos

  gg.  2126 – Information from victim's BOP file

  hh.  2188-2202 – Autopsy report

  ii.  7500-7503 – Information from defendant DeCologero's BOP file

  jj.  7504-7507 - Information from defendant Geas' BOP file

  kk.  7508-7510 - Information from defendant McKinnon's BOP file

  ll.  11027-11048 – Defendant McKinnon's pre-sentence report

  mm.  11049-11112 – Defendant DeCologero's pre-sentence report

  nn.  11113-11149 – Defendant Geas' pre-sentence report

Further, this order shall apply to any discovery documents not identified above but that fall within the categories described above, or any later disclosed discovery material that fall in the categories described above. This prohibition extends to the use of indirect or alternative methods of providing the documents to the defendants or introducing the materials into a penitentiary or

5

any correctional or detention facility, such as through the use of the United States mail or third parties.  The defendants' defense teams may review the above-described protected discovery with the defendants.

The Court notes and preserves any objections by the defendants.  The defendants shall retain the right to file any motion they deem appropriate should any disputes arise as to any discovery protected by this order.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record, the Office of Probation and all appropriate agencies.

Dated: October 19, 2022

*Tom S Kleeh*

Thomas S. Kleeh
Chief United States District Judge