

**FILED**

JUN 1 7 2024

**U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301**

U. S. DEPARTMENT OF JUSTICE

*William Ihlenfeld*
*United States Attorney's Office*
*Northern District of West Virginia*

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX:  (304) 234-0110

April 30, 2024

Katy J. Cimino, Esq.
Federal Public Defender's Office
230 W. Pike Street, Ste. 360
Clarksburg, WV 26301
**By e-mail: katy_cimino@fd.org**

Brendan S. Leary, Esq.
Federal Public Defender's Office
1125 Chapline Street, Rm. 208
Wheeling, WV 26003
**By e-mail: brendan_leary@fd.org**

        In re:   *United States v. Sean McKinnon,* 1:22-CR-51-3

Dear Counsel:

        This will confirm conversations with you concerning your client,  Sean McKinnon (hereinafter referred to as "Defendant").  All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

        It is agreed between the United States and your client as follows:

        1.        The Defendant will plead guilty to False Statement to a Federal Agent, as charged in Count Five of the Superseding Indictment.

*Sean McKinnon*
_____
Sean McKinnon,
Defendant

*Katy Cimino*
_____
Katy J. Cimino, Esq.
Counsel for Defendant

*Brendan S. Leary*
_____
Brendan S. Leary, Esq.
Counsel for Defendant

5-8-24
_____
Date

5-8-24
_____
Date

5-8-24
_____
Date

Sean McKinnon – Plea Agreement
April 30, 2024
Page 2

2.      The maximum penalty to which Defendant will be exposed by virtue of his/her plea of guilty to False Statement to a Federal Agent, as charged in Count Five of the Superseding Indictment, as stated in paragraph 1 above is: imprisonment for not more than Five (5) years; a fine of $250,000.00; and a term of Three (3) years of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction, **which must be paid within 40 days following entry of his/her plea** by money order or certified check to the United States District Court.  It is also understood that Defendant may be required by the Court to pay the costs of his/her incarceration, supervision, and probation.

3.      At the final disposition in this matter, the United States will move to dismiss any remaining counts of the Superseding Indictment, but expressly reserves the right to reinstate and prosecute any dismissed charge(s) should the defendant's conviction later be vacated on appeal or collateral attack.

4.      The United States and the Defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in this case is a binding term of time served for the offense of False Statement to a Federal Agent, as charged in Count Five of the Superseding Indictment.  Further, the parties agree that the sentence shall run consecutive to any sentence(s) the Defendant is currently serving or which have been previously imposed. The court will also impose the mandatory Special Assessment of $100.00 per felony conviction.  No fine is recommended because the Defendant does not have the financial ability to pay a fine.  The parties also recommend that no additional supervised release be imposed.  The recommended sentences are considered by the government to be adequate under the circumstances of this case to provide a reasonable sentence for the Defendant's crime(s) while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

The defendant understands that should the court not accept the plea agreement described above, he would have the right to withdraw his plea pursuant to Fed. R. Crim. Pro. 11(c)(5)(B). However, pursuant to Fed. R. Crim. Pro. 11(c)(5)(C), should the defendant choose not to withdraw his plea of guilty following the court's advisement that it rejects the plea agreement, the court may dispose of the case less favorably toward the defendant than the instant plea agreement contemplates.

_____          _____
Sean McKinnon,                                             Date
Defendant

_____          _____
Katy J. Cimino, Esq.                                       Date
Counsel for Defendant

_____          _____
Brendan S. Leary, Esq.                                    Date
Counsel for Defendant

Sean McKinnon – Plea Agreement
April 30, 2024
Page 3

5.       The parties hereby stipulate and agree to the following factual basis:

A.   United States Penitentiary Hazelton is owned and operated by the United States
     Department of Justice, Federal Bureau of Prisons, on land acquired for the use
     of the United States, and within the concurrent jurisdiction of the United States
     as described in Title 18, United States Code, Section 7(3).

B.   United States Penitentiary Hazelton is located in Preston County and the
     Northern District of West Virginia.

C.   On October 30, 2018, Fotios Geas, aka "Freddy," Paul J. DeCologero, aka
     "Pauly," Sean McKinnon, and James Bulger, aka "Whitey," were inmates in
     the custody of the Federal Bureau of Prisons at the United States Penitentiary
     Hazelton.  All four inmates were assigned to the F-1 housing unit.

D.   Geas was assigned to cell 125 of the F-1 housing unit.  Geas was 51 years old.

E.   McKinnon was assigned to cell 125 of the F-1 housing unit.  McKinnon was 32
     years old.

F.   DeCologero was assigned to cell 229 in the F-1 housing unit.  DeCologero was
     44 years old.

G.   Bulger arrived at United States Penitentiary Hazelton on the evening of October
     29, 2018, and was assigned to cell 132 in the F-1 housing unit.  Bulger was 89
     years old and in poor health.

H.   At 6:06am on October 30, 2018, Geas and DeCologero exited cell 125 and went
     to cell 132, which was occupied by Bulger.  DeCologero entered cell 132 first
     followed by Geas.  Geas and DeCologero remained in cell 132 for several
     minutes.

I.   While inside cell 132, Geas and Bulger became involved in a verbal altercation.
     Geas then struck Bulger in the head.

J.   DeCologero served as a lookout as Geas assaulted Bulger in cell 132.  Further,
     DeCologero assisted Geas in placing Bulger's body in his bunk and covering
     him with bedding.

K.   At 6:12am, Geas and DeCologero left cell 132.

L.   At 8:07am, staff discovered Bulger lying in his bunk with blankets and sheets
     covering most of his body, except for the top of his head.  The staff observed
     blood on Bulger's head, and he was unresponsive.  Staff attempted emergency
     medical treatment, but Bulger was pronounced dead at 9:04am.

_____          _____
Sean McKinnon,                            Date
Defendant

_____          _____
Katy J. Cimino, Esq.                      Date
Counsel for Defendant

_____          _____
Brendan S. Leary, Esq.                    Date
Counsel for Defendant

Sean McKinnon -- Plea Agreement
April 30, 2024
Page 4

M. On October 31, 2018, Dr. Allen Mock, the Chief Medical Examiner for the West Virginia Office of the Chief Medical Examiner, performed an autopsy on Bulger. Dr. Mock found multiple blunt force injuries to Bulger's head, including, bilateral periorbital edema; confluent contusions to right and left orbital soft tissues; hemorrhage to his tongue; blunt force injuries to his left ear to include several contusions, lacerations, and hemorrhages; multiple subarachnoid hemorrhages; and cerebral contusion. Dr. Mock also found blunt force injuries to Bulger's back and his arms. Dr. Mock determined that the cause of Bulger's death was blunt force injuries to his head and the manner of death was homicide.

N. The FBI Laboratory analyzed several items for the presence of DNA. The lab determined that two blankets that were covering Bulger when he was discovered contained DNA matching DeCologero.

O. On October 30, 2018, McKinnon did knowingly and willfully make materially false, fictitious, fraudulent statements and representations to FBI Special Agent Fred Aldridge and FBI Special Agent Peter Olinits regarding the assault of Bulger. Specifically, McKinnon told the agents the following:

   a. He was not aware what happened to inmate James "Whitey" Bulger on October 30, 2018, in the F-1 Unit at United States Penitentiary Hazelton;

   b. He spoke with inmates Fotios Geas and Paul J. DeCologero on the morning of October 30, 2018, but did not discuss inmate James "Whitey" Bulger;

   c. He knew nothing about an incident involving inmate James "Whitey" Bulger on October 30, 2018.

P. Prior to speaking with SA Aldridge and SA Olinits, McKinnon knew that Geas and DeCologero assaulted and caused the death of Bulger in the F-1 Unit at United States Penitentiary Hazelton on October 30, 2018, and that McKinnon met with and discussed the assault of inmate Bulger with Geas and DeCologero.


_____          _____
Sean McKinnon,                            Date   5-8-24
Defendant

_____          _____
Katy J. Cimino, Esq.                      Date   5-8-24
Counsel for Defendant

_____          _____
Brendan S. Leary, Esq.                    Date   5-8-24
Counsel for Defendant

Sean McKinnon – Plea Agreement
April 30, 2024
Page 5

6.     Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed.  Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.     Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.     The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.     To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

The United States waives its right to appeal any sentence within the applicable advisory Guideline range.  Both parties have the right during any appeal to argue in support of the sentence.


Sean McKinnon,
Defendant                                   Date

Katy J. Cimino, Esq.
Counsel for Defendant                       Date

Brendan S. Leary, Esq.
Counsel for Defendant                       Date

Sean McKinnon – Plea Agreement
April 30, 2024
Page 6

7.      The United States reserves the right to provide to the Court and the United States
Probation Office, in connection with any presentence investigation that may be ordered pursuant
to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of
sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation,
relevant information, including information regarding Defendant's background, criminal record,
the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the
Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion.
The United States also retains the right to respond to any questions raised by the Court, to correct
any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared
by the Probation Office of the Court, and to respond to any written or oral statements made by the
Court, by Defendant or his counsel.

8.      Furthermore, the defendant agrees that all monetary penalties imposed by the Court
will be due and payable immediately and subject to immediate enforcement by the United States
as provided in 18 U.S.C. § 3613.  Furthermore, the defendant agrees to provide all requested
financial information to the United States and the U.S. Probation Office, and agrees to participate
in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office.  The defendant
also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's
credit report from any major credit reporting agency prior to sentencing in order to assess his/her
financial condition for sentencing purposes.  The defendant agrees to complete a financial
statement, under penalty of perjury, and to submit the financial statement on the date specified and
in accordance with instructions provided by the U.S. Attorney's Office.  The defendant further
agrees that any schedule of payments imposed by the Court represents the defendant's minimal
financial obligation and shall not constitute the only method available to the United States to
enforce or collect any criminal monetary penalty judgment.  If the defendant is sentenced to a
period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, even if the Court does not specifically direct participation.

In addition, the defendant agrees that the United States, through the Financial Litigation
Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in
accordance with the Treasury Offset Program, regardless of the defendant's payment status or
history at that time.

Sean McKinnon,
Defendant

5-07-24
Date

Katy J. Cimino, Esq.
Counsel for Defendant

5-8-24
Date

Brendan S. Leary, Esq.
Counsel for Defendant

5-8-24
Date

Sean McKinnon – Plea Agreement
April 30, 2024
Page 7

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

9.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose sentences below or above the applicable Guideline range, so long as the sentences are reasonable and within the statutory maximums specified in Title 18 of the United States Code for the offenses of conviction. However, the parties contemplate a plea agreement and a binding sentence pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), as described in paragraph 4 above.

10.    If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

11.    The Defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for this defendant. Likewise, the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for this defendant. The government will not recommend any downward departure or variance below the consecutive statutory sentences as stated in Paragraph 2.A.1 on Page 2 of the plea agreement.

|  |  |
|---|---|
| Sean McKinnon, Defendant | 5-8-24 Date |
| Katy J. Cimino, Esq. Counsel for Defendant | 5-8-24 Date |
| Brendan S. Leary, Esq. Counsel for Defendant | 5.8.24 Date |

Sean McKinnon – Plea Agreement
April 30, 2024
Page 8

12.    The above Eleven (11) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter.  **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: Randolph J. Bernard
First Assistant United States Attorney

By: Brandon S. Flower
Assistant United States Attorney

As evidenced by my signature at the bottom of the eight (8) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Sean McKinnon,
Defendant

5-8-24
Date

Katy J. Cimino, Esq.
Counsel for Defendant

5-8-24
Date

Brendan S. Leary, Esq.
Counsel for Defendant

5-8-24
Date